IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-02927-RBJ

TIMOTHY THOR,

    Plaintiff,

v.

GARRETT WIGGINS and
BRUCE BRAMLETT,

    Defendants,

and

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Garnishee/Defendant.

---

### ORDER

---

Plaintiff Timothy Thor moves to remand this action to the District Court for Eagle County, Colorado. ECF No. 12. For the following reasons the motion is denied.

### BACKGROUND

In September 2010, while elk hunting in Eagle County, Thor was kicked and injured by a horse owned by Garrett Wiggins. The horse, which Wiggins had loaned to Bruce Bramlett, had strayed and was alone with its halter and lead rope dragging when the incident occurred.

Thor sued Wiggins and Bramlett in the state court. Bramlett defaulted, and on September 25, 2014 the court entered a default judgment against Bramlett for $904,677.22 plus post-

1

judgment interest and costs. In an effort to collect the judgment Thor requested and obtained from the state court a writ of garnishment which was then served on the American Family Mutual Insurance Company, Wiggins' "farm/ranch" insurer. Plaintiff's theory is that Bramlett is insured under the Wiggins policy, that the policy provides indemnity against Bramlett's liability as established by the default judgment, and that Thor can therefore garnish American Family's "debt" owed to Bramlett to satisfy the judgment.

American Family removed the garnishment proceeding to this Court on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and the garnishment statutes, 28 U.S.C. §§ 1441 and 1446. Thor then moved to remand the matter to the state court. American Family contends that the garnishment proceeding is an independent civil action that is removable on diversity of citizenship grounds. Thor contends that it an ancillary proceeding in the state court case that cannot be removed.

## CONCLUSIONS

To begin, both state and federal courts in Colorado have determined that garnishment of the tortfeasor's liability insurer is an appropriate means by which the underlying plaintiff may attempt to collect his judgment. *See Hoang v. Assurance Company of America,* 149 P.3d 798, 801 (Colo. 2007)*; Garcia v. Century Surety Company,* No. 14-CV-01493-REB-KLM, 2014 WL 5314693, at *1 (D. Colo. Oct. 17, 2014. That does not, of course, mean that there is coverage under the American Family policy for Bramlett's obligation to Thor – that is to be determined in the coverage litigation resulting from the garnishment.

Also, it is undisputed that the garnishment was properly served; that the removal was timely and followed applicable procedures; and that the motion to remand was timely filed.

Likewise, it is undisputed that there is diversity of citizenship between the parties, and that the amount in dispute exceeds $75,000. The only dispute presented by the pending motion is whether the garnishment action was removable at all.

Certainly the garnishment action is ancillary in the sense that it is a "proceeding in aid of execution pursuant to an existing judgment." *Zurich Ins. Co. v. Bonebrake,* 320 P.2d 975, 976 (Colo. 1958). However, that begs the question whether it can be removed. Neither party points to Colorado appellate authority on point. There is authority within this district that is supportive of Thor's position. *See Western Medical Properties Corp. v. Denver Opportunity, Inc.,* 482 F. Supp. 1205, 1207 (D. Colo. 1980) ("proceedings pursuant to the Colorado garnishment statute are ancillary and are not civil actions for removal based upon 28 U.S.C. § 1442(a)."). But there is also authority within this district supportive of American Family's position. *Garcia,* 2014 WL 5314693 at *2-3 (denying remand because "the garnishment proceedings in this case constitute separate civil actions which defendant was entitled to remove."). The closest Tenth Circuit case of which I am aware, *Adriaenssens v. Allstate Ins. Co.,* 258 F.2d 888, 890 (10th Cir. 1958), tends to support removability as well.

I agree with the latter view. Realistically, this action is independent of the underlying tort case. American Family was not a party to that case. The claims and issues in the underlying case (focusing on Bramlett's negligence) are different than the claims and issues in the present case (focusing on coverage under the terms and conditions of an insurance policy). The judgment creditor, Thor in this case, bears the burden of proving the garnishee's debt, i.e., of proving applicable coverage under the American Family policy. Under Colorado garnishment procedures, American Family may contest coverage in much the same manner as if it had been

directly sued by the judgment debtor. C.R.C.P. 103. *See Hoang v. Monterra Homes,* 129 P.3d 1028, 1033 (Colo. App. 2005), *rev'd on other grounds, Hoang,* 149 P.3d at 798.

I also agree with Judge Blackburn that eligibility for removal is a matter of federal law. *Garcia,* 2014 WL 5314693 at *2-3. I suspect, however, that the analysis of this garnishment proceeding would probably be the same in either forum. In substance it is an independent action wherein disputed issues not decided by the state court are presented. Accordingly, this Court concludes that it was removable to federal court.

## ORDER

The motion to remand, ECF No. 12, is denied. The parties are directed to contact Chambers within 14 days to set a scheduling conference.

DATED this 29th day of January, 2015.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge